STATE of Indiana, Appellant
(Defendant Below),

v.

NORMANDY FARMS, a limited partner-
ship; City Bond and Mortgage Compa-
ny; The State Exchange Bank; Auditor
of Tippecanoe County; Treasurer of
Tippecanoe County; Appellees (Plain-
tiffs Below).

No. 2–1178A403.

Court of Appeals of Indiana,
Second District.

Dec. 2, 1980.

Theodore L. Sendak, Atty. Gen., Harry
John Watson, III, Asst. Atty. Gen., Indian-
apolis, Jeffrey A. Cooke, Lafayette, for ap-
pellant.

Charles R. Vaughan, Charles Max Lay-
den, Vaughan, Vaughan & Layden, Lafa-
yette, for appellees.

SHIELDS, Judge.

The State of Indiana (State) appeals the
trial court's grant of a new trial upon a

jury verdict of zero damages in its condemnation action against Normandy Farms (Normandy). State alleges the trial court erred in the following:

(1) Failure to enter judgment on the verdict;

(2) Denial of State's Motion to Reform and Perfect the Verdict;

(3) Grant of relief upon a premature Motion to Correct Errors; and

(4) Grant of a new trial.

We affirm.

The facts are as follows:

State initiated a condemnation action to acquire the fee simple in 4.969 acres of land and 1.02 acres as temporary right of way for highway purposes. This acreage is part of a 129 acre tract owned by Normandy. Both State and Normandy filed exceptions to the court appointed appraisers' report. Thus a jury trial was held on the sole issue of damages.

Testimony at trial was in conflict on the issue of the amount of damages although there was agreement that Normandy was damaged by the acquisition of the 4.969 acres and the temporary right of way. Nevertheless, the jury returned the following verdict:

"We the Jury, find for the defendant Normandy Farms, A Limited Partnership, and assess damages in the sum of No Damage dollars ($0)."

This verdict was returned although the jury was instructed on its duty to determine, in part: "1. The fair market value of the parcel of property which was taken and appropriated."

The court invited counsel to poll the jury. During polling, the following colloquy took place:

"JURY FOREMAN, MR. RIDGE: Okay. Your Honor, I do want to make it clear that our understanding was that, and I–I can't quote these figures exact right now off the top of my head, but the so–called five acres that was taken the State agreed–both sides agreed that the amount was somewhere around ninety six thousand or ninety

two thousand, something like that, and which we were just considering damages alone, not what was okay or okay or right or agreed with, okay? Now, is either–our understanding was we either had damages or we don't have damages, by the featherweight, whether it be zero to eight hundred fifty thousand dollars.

"MR. VAUGHAN: What are they trying for a week?

(Mr. Vaughan leaves the Courtroom.)

"THE COURT: Well, at this time the Court will discharge the jury. I want to thank each of you for your time___

"MR. COOKE: Judge, excuse me for interrupting, but perhaps___

"MR. PEGG: Your Honor, in–in view of the explanation of the jury Foreman, I'm wondering if the zero part they're talking about is zero residue damage. It that what they mean?

"FEMALE JUROR: Yes.

"MR. LAYDEN: I don't think he can impeach the verdict.

"SEVERAL JURORS: (Inaudible.)

"THE COURT: I think we have___I___I___I believe we have a verdict and___

"JURY FOREMAN, MR. RIDGE: That is what we mean.

"MR. COOKE: Do you___do you further mean that Dr. Tse should receive ninety six thousand dollars?

"FEMALE JUROR: Yeah.

"JURY FOREMAN, MR. RIDGE: Well, what we're saying that he should receive whatever___

"THE COURT: This is not–this is not the time nor the way in which to go into this.

"THE COURT: Ladies and gentlemen of the jury___yes, sir?

"JURY FOREMAN, MR. RIDGE: One thing I would like to clear up, in case there's been a problem from our standpoint of interpreting what you wanted. We do___are in full agreement that the State should pay for the approximately five acres that they took, but

we are saying we do not agree that there is any damage above the take. Okay?"

The jury was discharged; judgment was not entered on the verdict.

State filed a verified motion requesting the trial court reform and perfect the verdict rendered by the jury to make it consistent with the jury's intent as stated during the polling and in the attached juror affidavits. The juror affidavits stated, in part:

"3. That it was the intent and will of the jury and affiant hereto that the defendant Normandy Farms, a limited partnership, be compensated in the sum of $96,050.00 for the real property actually taken by the State of Indiana and that there were no damages to the residue.

"4. That the jury foreman, after agreement by affiant and all members of the jury, filled out a form supplied by the court and through an oversight or mistake did not place on the verdict form the compensation due to the defendant for the land actually taken in the sum of $96,050.00.

"5. That the verdict form stating the verdict to be zero dollars was intended to reflect the jury's judgment and will that there were no damages to the residue.

"6. That affiant agrees with the statements made in open court by Charles Ridge, foreman of the jury, concerning the will and intentions of the jury with respect to the verdict."

State's motion was denied. Normandy filed a Motion to Correct Errors requesting a new trial. The court granted the motion and made the necessary findings, pursuant to Ind. Rules of Procedure, Trial Rule 59(E) [1] ordering a new trial.

■ State first contends Ind. Rules of Procedure, Trial Rule 58 [2] requires the court to enter judgment on the verdict. We likewise interpret T.R. 58 to require prompt entry of a judgment but the required judgment is not restricted to a judgment on the verdict. State's argument presupposes a verdict which is in proper form and not in some manner defective. *American Home Products Corp. v. Vance,* (1977), Ind.App., 365 N.E.2d 780. Typically, the judgment entered is a judgment on the verdict. However, where the jury verdict is clearly erroneous T.R. 58 does not mandate the trial

1. Ind. Rules of Procedure, Trial Rule 59(E) as it then existed read in pertinent part:

"The court, if it determines that prejudicial or harmful error has been committed, shall take such action as will cure the error, including without limitation the following with respect to all or some of the parties and all or some of the issues:

\*   \*   \*   \*   \*   \*

"(7) In reviewing the evidence, the court shall grant a new trial if it determines that the verdict of a non–advisory jury is against the weight of the evidence; and shall enter judgment, subject to the provisions herein, if the court determines that the verdict of a nonadvisory jury is clearly erroneous as contrary to or not supported by the evidence, or if the court determines that the findings and judgment upon issues tried without a jury or with an advisory jury are against the weight of the evidence.

"In its order correcting error the court shall direct final judgment to be entered or shall correct the error without a new trial unless such relief is shown to be impracticable or unfair to any of the parties or is otherwise improper; and if a new trial is required it shall be limited only to those parties and issues affected by the error unless such relief is shown to be impracticable or unfair. If corrective relief is granted, the court shall specify the general reasons therefor. When a new trial is granted because the verdict, findings or judgment do not accord with the evidence, the court shall make special findings of fact upon each material issue or element of the claim or defense upon which a new trial is granted. Such finding shall indicate whether the decision is against the weight of the evidence or whether it is clearly erroneous as contrary to or not supported by the evidence; if the decision is found to be against the weight of the evidence, the finding shall relate the supporting and opposing evidence to each issue upon which a new trial is granted; if the decision is found to be clearly erroneous as contrary to or not supported by the evidence, the findings shall show why judgment was not entered upon the evidence."

2. Ind. Rules of Procedure, Trial Rule 58 reads in pertinent part:

"Subject to the provisions of Rule 54(B), upon a general verdict of a jury, or upon a decision announced, the court shall promptly prepare and sign the judgment, and the clerk shall thereupon enter it."

court to perpetuate the error by entering judgment on the verdict. Rather, the rule requires the trial court to promptly enter a judgment which may include any of the forms of corrective relief available under T.R. 59(E). Thus, the exception of a defective verdict from T.R. 58 does not excuse the trial court from entering a final judgment in order to preserve the parties' appellate rights, it only authorizes the refusal to enter a judgment on the verdict. In this case, the trial court acted in full compliance with the mandate of T.R. 58 by promptly entering a final judgment ordering a new trial.

State next cites error in the denial of its Motion to Reform and Perfect the Verdict. It contends the verdict encompasses the statements of jurors made during polling. State argues, relying upon this "extended" verdict and upon the juror affidavits, the verdict of "no damages" was a clerical error[3] intended to read "no residue damages," correctable pursuant to Ind. Rules of Procedure, Trial Rule 60(A).[4]

First State errs in its broad definition of "verdict." Pursuant to IC 34–1–21–9 (Burns Code Ed.) the verdict is a written statement signed by the jury foreman.[5] The verdict does not include statements made during polling of the jury. Secondly, even if polling has some legal significance in this context, polling does not properly include statements made by jurors explaining their verdict. *State Life Insurance Co. v. Postal,* (1908) 43 Ind.App. 144, 150, 84 N.E. 156, 158. The purpose of polling is to assure that each of the jurors accepts the verdict as his own and to provide for further jury deliberation where polling reveals a juror dissents from the verdict. IC 34–1–21–9. *State Life Insurance Co.* Thirdly, juror affidavits may not be used to impeach the verdict. *Jessop v. Werner Transportation Company,* (1970) 147 Ind.App. 408, 261 N.E.2d 598. The affidavits of jurors stating they intended to award $96,050 for the appropriated property but no residue damages is inconsistent with the clear wording of a jury verdict of "no damages."

Neither juror statements made during polling nor juror affidavits can be used to show an intention of the jurors contrary to the written verdict, or to show the existence of a clerical error which does not exist on the face of the verdict.[6]

Cases cited by State in support of its "clerical error" argument are easily distinguishable. *Lafayette Street Railway, Inc. v. Ullrich,* (1929) 92 Ind.App. 202, 168 N.E. 709; *Town of Hobart v. Casbon,* (1924) 81 Ind.App. 24, 142 N.E. 138; *McGlone v. Hauger,* (1914) 56 Ind.App. 243, 104 N.E. 116. These cases involved verdicts stating one damage amount in words and another in

3. In alternative to its clerical error argument, State contends the "no damage" verdict was the result of an error induced by Normandy's misleading comments to the jury on the elements of damage, and that Normandy cannot complain of an error which it has invited. Assuming arguendo Normandy's statements could have misled the jurors, State raised no objection at trial to preserve the error. Further, the court's jury instructions specified all the elements of damage, including the fair market value of the appropriated 4.96 acres and the temporary right of way.

4. Ind. Rules of Procedure, Trial Rule 60(A) reads in pertinent part:
   "Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal, such mis-takes may be so corrected before the appeal is docketed in the court on appeal, and there-after while the appeal is pending may be so corrected with leave of the court on appeal."

5. IC 34–1–21–9 (Burns Code Ed.) reads:
   "When the jury have (sic) agreed upon their verdict, it must be reduced to writing and signed by the foreman; and when returned into court, the foreman shall deliver the verdict, and either party may poll the jury. If any juror dissent from the verdict, they shall again be sent out to deliberate."

6. We further observe there is no agreement as to the alleged jury determination of the value of the land acquired. The figures bandied around during the polling include: " ... somewhere around ninety–six thousand or ninety–two thousand, something like that ... " and ninety–six thousand dollars. The juror affidavits use the figure $96,050.00.

figures. The verdicts in each of these cases revealed the existence of a typographical or clerical error on its face.

Next, State alleges error in the trial court's grant of a new trial upon its consideration of Normandy's motion to correct errors. State contends the motion to correct errors was premature since no judgment had been rendered in the action and, therefore, the motion should have no effect.

▮ Any alleged error in the trial court's consideration of Normandy's Motion to Correct Error is harmless, first, because T.R. 59 authorizes the court to correct errors upon its own motion, and second, because of the function served by the motion.

A motion to correct errors under T.R. 59 performs at least three functions. It is a vehicle by which alleged error is presented to the trial court for correction; it is the vehicle which sets in motion strictly enforced appellate time limitations; and it serves to delineate the issues on appeal. These latter two functions are strictly appellate in nature and consequently this court has held a prematurely filed motion to correct errors fails to present an appellate issue. However, the use of a motion to correct errors as a means of presenting error to the trial is not mandatory unless, in fact, an appeal is pursued. Thus any pleading, whatever it may be entitled, can serve the function of presenting error to the trial court. The State's Verified Motion to Reform and Perfect the Verdict is such a motion. It, too, presented trial court with an alleged error for correction. Of course, counsel pursue this course at their own risk insofar as such a pleading lulls them into a sense of false security concerning their compliance with conditions precedent to perfecting an appeal. Thus, the prematurity of this motion to correct errors, viewed only from its function of presenting alleged error to the trial court, is immaterial.

State finally argues the court erred in finding the parties would be denied their right to a jury trial if a new trial was not ordered. It is true, as State contends, the parties have already received a full and complete jury trial on the issue of damages. However, the verdict was clearly erroneous. For the trial judge to enter judgment on the evidence would be to create a court rendered verdict, rather than a jury verdict to which the parties are entitled.[7]

As stated in *Weenig v. Wood*, (1976), 169 Ind.App. 413, 449, 349 N.E.2d 235, 256, quoting in part from *Novak v. Chicago and Calumet District Transit Co.*, (1956) 235 Ind. 489, 497–9, 135 N.E.2d 1, 5:

> "Where ... the trial judge modifies the verdict as to damages without giving the party aggrieved by his modification the option of a new trial, the judge has in effect taken the damage issue from the jury and tried it himself. The party aggrieved by the court's modification of the verdict has no opportunity to have his rights on the issue 'finally affirmed by a qualified and impartial jury.' *Ibid.* If that party had presented 'some evidence of probative value' upon that issue and had properly moved for a jury trial thereon, he is denied 'the benefit of his constitutional guarantee. ...'"

In reviewing the trial court's grant of a new trial our duty is to examine the record to see if:

> "(a) The trial court abused its judicial discretion;
>
> (b) A flagrant injustice has been done the appellant; or
>
> (c) A very strong case for relief from the trial court's ordering a new trial has been made by the appellant."

*Memorial Hospital of South Bend, Inc. v. Scott*, (1973) 261 Ind. 27, 33, 300 N.E.2d 50, 54.

▮ We find no abuse of discretion in the trial court's final judgment granting a new trial upon a clearly erroneous jury verdict on the grounds the parties would be denied their right to a jury determination in the absence of a new trial.

We affirm.

BUCHANAN, C. J., and SULLIVAN, J., concur.

---

7. See footnote 6.