Diane KNIGHT; William Knight; Alberta McClure; Veril McClure; Charles McClain; Marion McClain; Deloris Miller; Elmer Miller; Haskell Sims; Amie Sims; Elizabeth Sullivan; Frank Sullivan; Albert Vaal; and Mary Vaal, Appellants,

v.

Warren PARKE d/b/a Parke Coal Company, Appellee.

No. 63A01–9112–CV–382.

Court of Appeals of Indiana, First District.

July 16, 1992.

Michael C. Kendall, Kendall Law Office, Indianapolis, for appellants.

Jeffrey A. Wilhite, Mary Lee Franke, Kahn, Dees, Donovan & Kahn, Evansville, for appellee.

ROBERTSON, Judge.

The appellants, hereinafter referred to as the Homeowners, appeal an adverse judgment following a jury trial on their two count complaint against Parke. After a judgment had been rendered, the Homeowners' counsel had one of his employees contact the jurors to "ask [the jurors] how they arrived at their verdict." At that time, counsel acquired information leading him to believe that jurors had violated the court's instructions concerning juror conduct prior to deliberations and filed a motion to correct error with an attached affidavit and a request for a hearing. The motion to correct error was denied without an evidentiary hearing, the trial court ruling that "[t]o set aside the verdict of the jury based on certain statements of a juror after the trial would permit a juror to impeach his own verdict."

■ The trial court followed the long-standing rule in this state, described in one opinion as "settled beyond dispute," *Wagner v. Riley* (1986), Ind.App., 499 N.E.2d 1155, 1157, and in another as "[none] more firmly established," *Stauffer v. Lothamer* (1981), Ind.App., 419 N.E.2d 203, 217, that the affidavit or testimony of jurors will not be received to impeach their verdict, whether the jurors' statements be reported first or second hand. *Henry v. State* (1978), 269 Ind. 1, 379 N.E.2d 132, 139; *Stinson v. State* (1974), 262 Ind. 189, 313 N.E.2d 699; *Wilson v. State* (1970), 253 Ind. 585, 255 N.E.2d 817. *See generally, Stauffer*, 419 N.E.2d at 217 and cases cited therein. The jury's exposure to extraneous influence is the only in-road in this inviolate doctrine of which the cases cited by the parties make us aware. *See Fox v. State* (1984), Ind., 457 N.E.2d 1088; *Harrison v. State* (1991), Ind.App., 575 N.E.2d 642; *Mattox v. United States* (1892), 146 U.S. 140, 13 S.Ct. 50, 36 L.Ed. 917.

The rule is based upon controlling considerations of a public policy which in these cases chooses the lesser of two evils....

If the facts were as stated in the affidavit, the jury adopted an arbitrary and unjust method in arriving at their verdict, and the defendant ought to have

had relief, if the facts could have been proved by witnesses who were competent to testify in a proceeding to set aside the verdict. But let it once be established that verdicts solemnly made and publicly returned into court can be attacked and set aside on the testimony of those who took part in their publication and all verdicts could be, and many would be, followed by an inquiry in the hope of discovering something which might invalidate the finding. Jurors would be harassed and beset by the defeated party in an effort to secure from them evidence of facts which might establish misconduct sufficient to set aside a verdict. If evidence thus secured could be thus used, the result would be to make what was intended to be a private deliberation, the constant subject of public investigation—to the destruction of all frankness and freedom of discussion and conference.

*McDonald v. Pless* (1915), 238 U.S. 264, 267–68, 35 S.Ct. 783, 784, 59 L.Ed. 1300.

 Members of the jury in the present case allegedly formed opinions before retiring to deliberate and purportedly discussed the case among themselves. Thus, their "misconduct" does not fall within the *Fox* exception but is governed by the general rule. The trial court therefore did not err either in refusing to consider the affidavit of a third party which contained statements solicited by the party from a member of the jury or in denying that portion of the Homeowners' motion to correct error which was premised upon juror misconduct.

Judgment affirmed.

BAKER and MILLER, JJ., concur.