The SOUTH BEND CLINIC, INC., Gail A. English, M.D., and Randolph E. Szlabick, M.D., Appellants–Defendants,

v.

Robert F. KISTNER, Personal Representative of the Estate of Marguerite E. Kistner, Appellee–Plaintiff.

No. 71A03–0107–CV–217.

Court of Appeals of Indiana.

Feb. 6, 2002.

Publication Ordered May 23, 2002.

Edward L. Murphy, Jr., Diana C. Bauer, Miller Carson Boxberger & Murphy, Fort Wayne, IN, Attorneys for Appellants.

Kathy A. Lee, Timothy C. Caress, Marie Troendle Greer, Cline Farrell Christie Lee & Caress, Indianapolis, IN, Attorney for Appellees.

## OPINION

BAKER, Judge.

Appellants-defendants South Bend Clinic, Inc., Gail A. English, M.D. (Dr. English) and Randolph E. Szlabick, M.D. (Dr. Szlabick) (collectively, the defendants) appeal the jury verdict entered in favor of appellee-plaintiff Robert F. Kistner, the personal representative of the Estate of Marguerite E. Kistner. Specifically, they contend that juror misconduct occurred when it was discovered after the trial that several jurors had consulted a dictionary during deliberations for a definition of the term, "preponderance."

## FACTS

The facts most favorable to the judgment are that Robert Kistner filed a wrongful death action against the defendants as a result of alleged medical malpractice that was perpetrated against Marguerite. She died from breast cancer on August 6, 1994, that had been allegedly misdiagnosed and treated by the defendants. A jury trial commenced on January 22, 2001, and concluded on January 30. After a close of the evidence, the trial court read the final instructions to the jury. While the trial court defined the term "preponderance of the evidence" in the preliminary instructions, no definition was given in the final instructions. The judge instructed the jury as follows in the preliminary instructions:

> When I say that a party has the burden to prove an issue by a preponderance of the evidence, I mean by the greater weight of the evidence. A greater number of witnesses testifying to a fact in one side or a greater quantity of evidence introduced on one side is not necessarily of the greater weight. The evidence gen [sic] upon any fact that convinces you most strongly of its truthfulness is of the greater weight.

Appellant's App. at 18.

After nearly eight hours of deliberation, the jury foreman informed the trial judge that the jury was unable to reach a verdict. Concluding that the jury would probably not reach a unanimous verdict that evening, the judge excused the jury and ordered it to return for further deliberation the next morning to "take one more shot at it when everybody is a little fresher." Appellant's App. at 38.

After deliberating for approximately one hour the next day, the jury ultimately returned a $300,000 verdict in Kistner's favor and against all defendants. Thereafter, defense counsel Stephen Harants spoke with several jurors about the verdict. One of the jurors informed Harants that they had requested a dictionary on the first day of deliberations for a definition of the word "preponderance." Appellant's App. at 60. The trial judge refused the request. Harants eventually learned that one or more of the jurors consulted a dictionary at home, between the first and second day of deliberations in order to obtain a definition of "preponderance." Appellant's App. at 60. The jury foreman also consulted a dictionary that defined the word as "of superior in weight." Appellant's App. at 70. During the second day of deliberations, the foreman told the other jurors that he had referenced the dictionary.

On March 2, 2001, the defendants filed a verified motion to correct error, an accompanying memorandum and a request for a new trial. The motion was supported by Harants' affidavit and alleged that the trial judge was obligated to set aside the verdict because the jurors' consulting of the dictionary constituted misconduct and resulted in prejudice to them. Kistner opposed the motion to correct error and, following an oral argument on May 23, 2001, the trial court denied the defendants' motion. The defendants now appeal.

## DISCUSSION AND DECISION

In resolving the issue of juror misconduct advanced by the defendants, we note that the trial court's ruling with respect to a motion to correct error carries a strong presumption of correctness and will be reversed only for an abuse of discretion. *Ingersoll–Rand v. Scott,* 557 N.E.2d 679, 683 (Ind.Ct.App.1990), *trans. denied.* A defendant who seeks a new trial based upon purported juror misconduct must demonstrate that the misconduct was gross and that it probably harmed the defendant. *Griffin v. State,*

754 N.E.2d 899, 901 (Ind.2001). That is, the existence of prejudice must be affirmatively demonstrated. *Dawson v. Hummer,* 649 N.E.2d 653, 664 (Ind.Ct.App. 1995). Prejudice will not be assumed. *Shultz v. State,* 417 N.E.2d 1127, 1134 (Ind.Ct.App.1981).[1]

■ We also note that a jury's verdict may not be impeached by the testimony of the jurors who returned it. *Ward v. St. Mary Med. Ctr. of Gary,* 658 N.E.2d 893, 894 (Ind.1995). An exception to this general rule occurs when there is evidence demonstrating that the jury was exposed to improper, extrinsic material during its deliberations, and when a substantial possibility exists that the verdict was prejudiced by the improper material. Ind.Evidence Rule 606(b)(2); *Dawson,* 649 N.E.2d at 664.

■ Here, the record is devoid of any evidence that the jurors' conduct in consulting the dictionary affected their deliberations or resulted in any prejudice to the defendants. Every juror acknowledged that the verdict was based upon the evidence presented at trial and upon the instructions given by the trial judge both at the start and conclusion of the trial. Appellee's App. at 50–67. Moreover, all jurors acknowledged that the definition of "preponderance" that the jury foreman referenced was not discussed during the deliberations, and played no factor in the jury's ultimate verdict. Appellee's App. at 50–67. The information contained in the juror affidavits, absent any consideration as to juror statements as to the impact of the foreman's conduct on the verdict, amply supports the trial court's determination that no misconduct occurred and, therefore, no prejudice resulted to the defendants. As stated in juror Larry Rodino's

affidavit, he looked up the meaning of the word "preponderance" in a standard dictionary, and believed that the definition was "superior in weight which was virtually the exact definition that my fellow jurors had explained to me during deliberations." Appellant's App. at 70. Thus, it is significant to note that the dictionary definition of "preponderance" acquired by the jury foreman was a distinction without a difference from that set forth in the preliminary instructions.

Finally, we note that the defendants, in an effort to circumvent the rule establishing that prejudice will not be presumed in this instance, direct us to a number of cases where the alleged error was premised upon *ex parte* communications with the jurors. In *Griffin,* our supreme court set forth the distinction in instances where *ex parte* communication between a juror and the court has occurred and those where juror misconduct arose. Specifically, the *Griffin* court observed that a presumption of prejudice arises only in instances where *ex parte* communication occurs. *Griffin,* 754 N.E.2d at 901. The issue of *ex parte* communications with jurors and the standard that applies to those instances is not at issue here. We therefore reject the defendants' invitation for this court to adopt a "presumption of prejudice" standard in matters involving juror misconduct, and conclude that the trial court properly denied the defendants' motion to correct error in this instance.

Affirmed.

NAJAM, J., and MATTINGLY–MAY, J., concur.

*ORDER*

The Court having heretofore handed down its opinion in this appeal on Febru-

---

1. In *Shultz,* we observed that the majority of jurisdictions have held that prejudice to the complaining party in such instances is not presumed but must affirmatively appear to require or justify a reversal or new trial. 417 N.E.2d at 1133.

ary 6, 2002, marked Memorandum Decision, Not for Publication.

Comes now the Appellee, by counsel, and files herein Motion for Publication of Memorandum Decision, alleging therein that said decision should be published because it clarifies various circumstances concerning alleged juror misconduct and clarifies points of law recently decided by the Indiana Supreme Court.

The Court having examined said Motion and being duly advised, now finds that said Motion should be granted and that this Court's opinion in this appeal should now be ordered published.

IT IS THEREFORE ORDERED that the Appellee's Motion for Publication of Memorandum Decision heretofore handed down in this cause on February 6, 2002, is granted and said opinion in now ordered published.

All Panel Judges Concur.