**Maurice C. MACKLIN, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 49A04–9801–CR–44.**

Court of Appeals of Indiana.

Nov. 23, 1998.

Teresa D. Harper, Bloomington, for Appellant–Defendant.

Jeffrey A. Modisett, Attorney General, Randi E. Froug, Deputy Attorney General, Indianapolis, for Appellee–Plaintiff.

## OPINION

STATON, Judge.

Maurice Macklin appeals his conviction for Possession of Cocaine,[1] a Class D felony, and his conviction for Possession of Marijuana,[2] a Class A misdemeanor. Macklin raises two issues on appeal, which we restate as:

I.   Whether the trial court abused its discretion by denying Macklin's oral motion for continuance.

II.  Whether the evidence was sufficient to support Macklin's conviction for Possession of Cocaine.

We affirm.

### I.

*Denial of Continuance*

Macklin contends that the trial court erred in denying his oral motion for continuance on the day of trial.

In support of the oral motion, which did not comply with either the statutory requirement[3] or the local trial rule, Macklin relied on two grounds: (1) Macklin's intent to hire

---

**1.** Ind.Code § 35–48–4–6 (1993).

**2.** Ind.Code § 35–48–4–11 (1993).

**3.** Ind.Code § 35–36–7–1 (1993) provides, in relevant part:

Sec. 1.  (a) A motion by a defendant to postpone a trial because of the absence of evidence may be made only on affidavit showing:
(1) that the evidence is material;
(2) that due diligence has been used to obtain the evidence; and
(3) the location of the evidence.
(b) If a defendant's motion to postpone is because of the absence of a witness, the affidavit required under subsection (a) must:
(1) show the name and address of the witness, if known;
(2) indicate the probability of procuring the witness's testimony within a

reasonable time;
(3) show that the absence of the witness has not been procured by the act of the defendant;
(4) state the facts to which the defendant believes the witness will testify, and include a statement that the defendant believes these facts to be true; and
(5) state that the defendant is unable to prove the facts specified in accordance with subdivision (4) through the use of any other witness whose testimony can be readily procured.

\*    \*    \*    \*    \*    \*

(d) A defendant must file an affidavit for a continuance not later than five (5) days before the date set for trial. If a defendant fails to file an affidavit by this time, then he must establish, to the satisfaction of the court, that he is not at fault for failing to file the affidavit at an earlier date.

private counsel; and (2) the absence of a subpoenaed, material witness.

When a defendant requests a continuance due to the absence of a material witness, and the statutory criteria are met, the defendant is entitled to a continuance as a matter of right. *Elmore v. State,* 657 N.E.2d 1216, 1218 (Ind.1995). However, as is the case here, when a motion for a continuance is made on non-statutory grounds or the motion fails to meet the statutory criteria, the decision to grant or deny the motion is within the discretion of the trial court. *Id.* We will not disturb the trial court's decision absent a clear demonstration that the trial court abused that discretion. *Id.* Too, in order for the denial of a continuance to be reversible error, the defendant must demonstrate that he was prejudiced by the denial of the continuance. *Vaughn v. State,* 590 N.E.2d 134, 136 (Ind.1992).

The trial court did not abuse its discretion by denying Macklin's motion for continuance based on his stated desire to obtain private counsel. In *Wombles v. State,* 270 Ind. 181, 383 N.E.2d 1037 (1979), our supreme court held that it is not error to refuse to allow a defendant to replace his counsel during or immediately before trial, particularly where the defendant gave no detailed explanation of why he wanted new counsel and the court took notice of defendant's counsel's competency. *Id.* at 1038. As in *Wombles,* Macklin made no explanation as to why he wanted private counsel and the trial court specifically noted the competence of his appointed counsel.

Macklin's stronger argument for continuance was the absence of a subpoenaed, allegedly material witness. Although absence of a material witness is a statutory ground for a continuance, if the motion does not meet the statutory criteria, the granting of such motion is still within the trial court's discretion. *Elmore,* 657 N.E.2d at 1218. In ruling upon such a motion, the trial court should heed the diverse interests of the opponent of the motion that would be adversely impacted by altering the schedule of events, and give heed as well to the diverse interests of the movant to be beneficially impacted by altering the schedule. *Vaughn,* 590 N.E.2d at 135. Here, the trial court specifically noted that all three of the state's witnesses were present and ready to testify. The trial court also noted that Macklin's trial date had been scheduled since August 19, giving Macklin nearly three months within which to comply with the local rule requirements for obtaining a continuance.[4]

Furthermore, Macklin did not make any attempt to show the materiality of the testimony of the missing witness. In fact, Macklin did not even identify the missing witness in his motion for the continuance. Neither did he make any allegation that a continuance would allow him to procure the witness's testimony. Thus, Macklin failed to demonstrate to the trial court that he would be prejudiced by the denial of his motion. In his appeal, Macklin identifies the absent witness. However, he admits that it is unknown whether the absent witness's testimony would have exculpated Macklin or corroborated his testimony. Under these circumstances, where Macklin supported his oral motion for continuance on the day of trial with no more than a broad allegation that an absent witness was a material witness, without any identification of that witness or explanation of what the witness would likely testify to, the trial court did not abuse its discretion in denying Macklin's motion for continuance.

## II.

### Sufficiency of the Evidence

Macklin contends that the evidence is not sufficient to support his conviction for Possession of Cocaine, a Class D felony. Specifically, Macklin argues that the State did not present sufficient evidence that Macklin had constructive possession of the cocaine.

When reviewing claims of sufficiency of the evidence, we do not reweigh evidence or judge the credibility of witnesses.

---

4. The trial judge did not make specific reference to Macklin's noncompliance with the statutory requirements set forth in I.C. 35–36–7–1 but did note that Macklin failed to comply with the requirements of Rule 10 of the Marion County Rules of Organization and Procedure for the Marion Superior Court, Criminal Division. Review of these rules reveals that the trial court was, in fact, referencing Rule 9, which sets forth as a requirement for a continuance that a verified motion be filed, in writing, at least five (5) days prior to the scheduled trial.

*Jordan v. State*, 656 N.E.2d 816, 817 (Ind. 1995), *reh. denied.* We look to the evidence and the reasonable inferences therefrom that support the verdict. *Id.* The conviction will be affirmed if evidence of probative value exists from which the fact-finder could find the defendant guilty beyond a reasonable doubt. *Id.*

The facts most favorable to the verdict reveal that an Indianapolis police officer stopped a vehicle occupied by two men. Macklin was the driver. Macklin gave the officer a driver's license that was not his. It was apparent to the officer that the picture on the license was not of Macklin. Macklin then provided the officer with his true identity. After determining that Macklin's driver's license was suspended, the officer subsequently discovered marijuana in Macklin's pocket and four (4) bindles of a white, rock-like substance located on the driver's seat of the car. This substance was crack cocaine.

 A conviction for possession of contraband may rest upon proof of either actual or constructive possession. *Goodner v. State*, 685 N.E.2d 1058, 1061 (Ind.1997). Constructive possession is the actual knowledge of the presence and illegal character of the contraband and the intent and capability to maintain dominion and control over it. *Id.; Godar v. State*, 643 N.E.2d 12, 14 (Ind. Ct.App.1994), *reh. denied, trans. denied.* In cases where the defendant has exclusive possession over the premises on which the contraband is found, an inference is permitted that the defendant knew of its presence and was capable of controlling it. *Person v. State*, 661 N.E.2d 587, 590 (Ind.Ct.App.1996), *trans. denied.* When possession is non-exclusive, however, additional circumstances must be present to support the inference that the defendant intended to maintain dominion and control over the contraband and that the defendant had actual knowledge of its presence and illegal character. *Id.; Godar*, 643 N.E.2d at 14–15.

 There is ample evidence of probative value to support the verdict. The fact-finder could infer from the location of the cocaine, on the driver's seat of the car Macklin was driving, that Macklin had the intent and capability to control the cocaine, and that Macklin knew of its presence. In addition to the proximity of the cocaine to Macklin, the fact-finder could infer from the

packaging and appearance of the cocaine that Macklin knew that the substance was cocaine. Further, Macklin's attempt to prevent the police officer from discerning his true identity by providing a driver's license that did not belong to him supports the inference of Macklin's intent to maintain control over the cocaine and the inference that Macklin knew of the illegal character of the cocaine.

Macklin espouses the theory that the passenger in the car may have tossed the cocaine onto the driver's seat when neither Macklin nor the officer was looking. We decline this invitation to reweigh the evidence.

Affirmed.

KIRSCH and ROBB, JJ., concur.