## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Feb 07 2017, 6:27 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Timothy P. Broden
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Larry D. Allen
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Patrick Scott Norman,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

February 7, 2017

Court of Appeals Case No.
79A02-1605-CR-1064

Appeal from the Tippecanoe
Superior Court

The Honorable Steven P. Meyer,
Judge

Trial Court Cause No.
79D02-1505-F4-4

**Altice, Judge.**

**Case Summary**

[1] Following a jury trial, Patrick Scott Norman was convicted of multiple drug offenses. On appeal, Norman argues that the trial court abused its discretion by denying his motion for a continuance.

[2] We affirm.

## Facts & Procedural History

[3] On the evening of May 15, 2015, officers of the Lafayette Police Department were dispatched to a gas station following a report of an unconscious man in a vehicle at a gas pump. Responding officers found Norman slumped over in the driver's seat of a vehicle with the engine still running. Norman was unconscious and officers could not wake him by yelling and pounding on the driver's side window. After medical personnel arrived, they were able to enter the vehicle through the passenger door, turn off the engine, and unlock the doors. Once Norman was removed from the vehicle, he was found to be in possession of over six grams of methamphetamine, two Xanax tablets, two foil packets of heroin, and digital scales. Later, during a more thorough search conducted at the county jail, two paper strips of LSD were found in Norman's wallet.

[4] On May 20, 2015, the State charged Norman with Level 4 felony dealing in methamphetamine, Level 6 felony possession of a narcotic drug, Level 6 felony possession of methamphetamine, and two counts of class A misdemeanor possession of a controlled substance. On August 25, 2015, the State filed a motion to amend the dealing charge to a Level 3 felony and the possession of

methamphetamine charge to Level 5 felony. Norman did not object to the amendment, and the trial court granted the State's motion on September 4, 2015.

[5]     A two-day jury trial commenced on December 8, 2015. Before jury selection, Norman requested a continuance to allow him to obtain private counsel. The trial court denied Norman's request and the matter proceeded to trial. Although Norman had appeared in person that morning, he did not return to court when it reconvened after lunch. At that time, Norman's counsel informed the trial court that he just learned that Samantha Ruble, who he had not subpoenaed but nevertheless intended to call as a witness, was not available to testify that day. Defense counsel asked to begin his presentation of evidence the next day, when Ruble would be available to testify. Initially, the trial court declined to rule on the request and instructed defense counsel to attempt to secure Ruble's appearance that day. The State then continued its presentation of evidence in Norman's absence and without objection from defense counsel. Ruble was still not present when the State rested, so the trial court adjourned until the next day to allow Ruble time to appear.

[6]     Neither Ruble nor Norman appeared on the second day of trial. Defense counsel did not ask for a continuance due to Ruble's absence, expressly stating that he was not "asking the Court to wait any longer[.]" *Transcript* at 148. Defense counsel did, however, ask for a continuance based on Norman's failure to appear. The trial court denied the request, and at the conclusion of the evidence and arguments, the jury acquitted Norman of the dealing in

methamphetamine charge and found him guilty on all other charges. Norman was subsequently sentenced to an aggregate term of six years in the Department of Correction. Norman now appeals.

## Discussion & Decision

[7] Norman argues that the trial court erred in denying his motion for a continuance. The trial court twice denied Norman a requested continuance. On the morning of trial, Norman requested a continuance to obtain private counsel, and on the second day of trial, defense counsel requested a continuance due to Norman's own failure to appear. On appeal, Norman does not argue that the trial court's denial of either of these motions was error. Instead, he argues that the trial court should have granted him a continuance pursuant to Ind. Code § 35-36-7-1(b) due to the absence of a witness, i.e., Ruble. *See Macklin v. State*, 701 N.E.2d 1247, 1250 (Ind. Ct. App. 1998) (noting that "[w]hen a defendant requests a continuance due to the absence of a material witness, and the statutory criteria are met, the defendant is entitled to a continuance as a matter of right").

[8] Norman's argument in this regard is puzzling, to say the least. When defense counsel learned that Ruble—who had not been subpoenaed or included on Norman's witness list[1]—was not available on the first day of trial, he asked to

---

[1] Ruble had been included on the State's list of potential witnesses, although the State ultimately chose not to call her as a witness.

be permitted to begin his presentation of evidence the next day. The trial court ultimately granted this request. When Ruble failed to appear on the second day of trial, defense counsel expressly stated that he was not asking for additional time to secure Ruble's presence. Thus, to the extent that Norman asked for a continuance based on Ruble's absence on the first day of trial, that request was granted. As for Ruble's absence on the second day of trial, Norman cannot now be heard to complain that the trial court did not grant him a continuance he did not request.

[9] Moreover, even if Norman had requested a continuance based on Ruble's absence, he fell far short of satisfying the statutory criteria set forth in I.C. § 35-36-7-1. Among many other deficiencies, Norman filed no affidavit showing that Ruble's testimony was material and that due diligence had been used to obtain it as required by I.C. § 35-36-7-1(a), and he did not state the facts to which he believed Ruble would testify or indicate the probability of procuring her testimony within a reasonable time as required by I.C. § 35-36-7-1(b). Furthermore, even if Norman had filed the required affidavit and made the necessary assertions, he would have been unable to establish due diligence because he failed to subpoena Ruble for trial. *See Arhelger v. State*, 714 N.E.2d 659, 667 (Ind. Ct. App. 1999). Norman has not established error in this regard.

[10] Norman also argues that he was entitled to a continuance based on the State's amendment of the charging information. This argument is meritless. The State moved to amend the charging information on August 25, 2015. The motion was granted at a hearing on September 4, 2015—over three months prior to

trial—and Norman did not request a continuance at that time or object in any way to the amendment. It was not until after trial, prior to Norman's sentencing, that Norman first took issue with the amendment, and even then, he did not argue for a continuance. Instead, he argued that the amended charges should be dismissed because no initial hearing was held. It is axiomatic that a party waives for appeal issues not timely raised before the trial court. *See Sisson v. State*, 985 N.E.2d 1, 12 (Ind. Ct. App. 2012) (noting that arguments raised for the first time on appeal are waived), *trans. denied*; *see also Wilson v. State*, 931 N.E.2d 914, 918 (Ind. Ct. App. 2010) (explaining that "a defendant's failure to request a continuance after a trial court allows a pre-trial substantive amendment to the charging information over defendant's objection results in waiver"), *trans. denied*. Accordingly, Norman's argument in this regard is not available for appellate review.

Judgment affirmed.

Riley, J. and Crone, J., concur.